UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANLEY A. SANSONE ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:23-cv-02470 (UNA) |
| ) | |
| UNITED STATES PATENT ) | |
| AND TRADEMARK OFFICE, *et al*., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1, amended complaint, ECF No. 3, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case for the reasons explained below.

Plaintiff, a resident of Houston, Texas, has filed a complaint against the United States Patent and Trademark Office ("USPTO") and the USPTO's Director. He seeks reexamination of a final decision by the Patent Trial and Appeal Board ("PTAB") that affirmed the USPTO's denial of Plaintiff's petition seeking patentability on his invention. He also seeks damages arising from that denial.

First, this Court lacks jurisdiction over Plaintiff's complaint. Plaintiff has two available avenues to challenge a PTAB decision; he may either appeal the decision directly to the United States Court of Appeals for the Federal Circuit under 35 U.S.C. § 141, or he may file a civil action to obtain a patent in the United States District Court for the Eastern District of Virginia, under 35 U.S.C. § 145. Plaintiff has no recourse in this Court.

Second, to the extent that Plaintiff seeks damages, he has failed to state a claim. Plaintiff fundamentally predicates his claim for damages on criminal statutes, namely, 18 U.S.C. §§ 241–242, 2387. However, bare federal criminal statutes, such as those, "have no corresponding private right of action." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 458, 466 (D.D.C. 1994) (collecting cases); *see Crosby v. Catret*, 308 Fed. Appx. 453, 453 (D.C. Cir. 2009) (per curiam) (no private right of action under §§ 241–242); *Johnson v. D.C. Crim. Just. Act*, 305 Fed. Appx. 662, 662 (D.C. Cir. 2008) (per curiam) (same); *Brooks v. Army 1st Operations Comm.*, No. 23-cv-00189, 2023 WL 1963891, at 1 (D.D.C. Feb. 10, 2023) (same) (collecting cases); *Mirarchi v. Exec. Branch of Gov't*, 2023 WL 5598454, at *3 (E.D. Pa. Aug. 29, 2023) (no private right of action under § 2387) (collecting cases including *Barrett v. Biden*, No. 22-2823, 2022 WL 16528195, at *2 (D.D.C. Oct. 25, 2022); *Prunte v. Univ. Music Grp.*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007)). Even if those statutes provided a cause of action, they bear no relevance to the facts giving rise to this case.

Finally, Plaintiff broadly alleges that the USPTO violated his due process rights under the 14th Amendment by repeatedly rejecting his application, which he contends contravenes the "special status" originally afforded his application by the agency. Put simply, Plaintiff fails to articulate adequately the deprivation of a protected right. "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis for a due process violation." *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015). "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)). Moreover, the Fourteenth Amendment does not apply to federal government, its agencies, or its officials. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

      For all of these reasons, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   October 25, 2023                          _____
                                                        JIA M. COBB
                                         United States District Judge